ESTATE OF JAMES L. RIDDLE, DECEASED.

[No. 1,209; decided April 27, 1885.]

**Letters of Administration—Who may Apply for.**—The person to whom letters of administration are issued must apply by his own petition, signed by himself or his counsel; a petition by an heir for the appointment of another person is insufficient, and an order appointing an administrator on such petition must fall. Such petition is in effect no petition, and is not subject to amendment.

**Administrator's Sale.**—The Court Should Require an Additional Bond from the administrator upon ordering the sale of any real property belonging to the estate.

James L. Riddle died in Santa Clara county, in this state, but being a resident of San Francisco, and leaving estate therein, on October 8, 1881.

He left a will, bearing date February 2, 1881, in which Channing G. Fenner was named as executor.

On petition filed by Mr. Fenner, on October 13, 1881, the will was admitted to probate, he appointed executor thereof, and letters testamentary thereon issued to him, on October 28, 1881.

The executor died on April 22, 1883, while still acting as such.

On May 26, 1883, Grace L. Riddle, a daughter of the testator, filed a petition signed by Samuel H. Dwinelle, as her attorney, and verified by her, setting forth the facts, and praying for the appointment of David McClure as administrator of the estate with the will annexed.

On June 8, 1883, an order was made as prayed for by the petitioner appointing Mr. McClure, and on August 13, 1883, letters of administration with the will annexed were issued to him.

On December 17, 1884, Mr. McClure filed a petition for an order to sell certain real property belonging to the estate, and on January 28, 1885, an order of sale was made accordingly.

A sale was had pursuant to such order, and on April 8, 1885, Mr. McClure filed his return and account of sales, together with a petition for the confirmation thereof.

On April 23, 1885, a purchaser (J. C. Johnson) filed written objections to such confirmation, on the ground that the sale was not legally made, in this:

1. That no petition in writing had ever been filed by David McClure, signed by him or by his counsel, for his appointment as administrator.

2. That there was no administrator of the estate, and that the sale was without authority.

3. That no bond was required in the order of sale, or ever given by Mr. McClure upon the sale, and that his original bond was only $3,500, while the amount bid for the property was $32,500.

The facts were correctly stated in the grounds of contest. Proceedings de novo were accordingly commenced, and new letters issued to David McClure May 29, 1885.

F. J. French, attorney for objecting purchaser.

S. H. Dwinelle, for administrator cum test. ann.

COFFEY, J. 1. There is no petition on file here signed by David McClure or by his counsel. Grace Riddle's application that David McClure be appointed is not sufficient, as the person to whom letters are issued must apply by his own petition, signed by himself or his counsel: Code Civ. Proc., secs. 1371, 1374.

The order of June 8, 1883, had no proper basis as required by the foregoing cited sections, and it must fall.

2. An additional bond should have been provided for in the order of sale of the real estate: Code Civ. Proc., sec. 1389.

The objections to the confirmation of the sale are sustained; they cannot now be cured by amendment; there being no petition, there is nothing to amend.